James **GAMBRELL, et al., Appellants**

v.

Isaac **FULWOOD, Jr., Chairman of the United States Parole Commission, et al., Appellees.**

No. 13–5239.

United States Court of Appeals, District of Columbia Circuit.

July 14, 2015.

Rehearing En Banc Denied Sept. 22, 2015.

Jason Drew Wallach, Dickstein Shapiro, LLP, Washington, DC, Warden (Lewisburg USP), United States Penitentiary, Lewisburg, PA, for Appellants.

Alan Burch, R. Craig Lawrence, Ronald C. Machen, Jr., Esquire, U.S. Attorney's Office, Washington, DC, for Appellees.

Before: HENDERSON, ROGERS and BROWN, Circuit Judges.

### *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and was briefed and argued by counsel. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the decision of the district court be affirmed for the reasons stated in this judgment.

Appellants assert the United States Parole Commission ("USPC") violated the *Ex Post Facto* Clause of the Constitution, U.S. CONST. art. I, § 9, cl. 3, in denying their applications for parole. However, as we explained in our recent opinion in *Bailey v. Fulwood*, No. 13–5177, 793 F.3d 127, 2015 WL 4215415 (D.C.Cir. July 14, 2015), where, as here, a parole determination is based on the statutes, regulations, and guidelines that were in effect at the time of the prisoner's underlying criminal offense, the USPC does not violate the *Ex Post Facto* Clause. Even where the USPC misapplies the relevant statutes, regulations, or guidelines, it does not violate the prohibition on *ex post facto* laws where it relies on a prospective legal rule to justify its decision. *See id.,* 793 F.3d at 134–37, **5–7 (majority opinion). *But see id.,* 793 F.3d at 129–32, **1-4 (Rogers, J., concurring in part and dissenting in part). Accordingly,

we affirm the district court's dismissal of appellants' *Ex Post Facto* Clause claims.

Appellant Gambrell also argues that the district court erred in dismissing his vindictive prosecution and First Amendment claims. In particular, he contends the court failed to recognize he received a harsher punishment after successfully challenging his 2007 parole decision. *See Sellmon v. Reilly,* 551 F.Supp.2d 66 (D.D.C.2008). In 2006, the USPC denied Gambrell's application for parole and imposed a one-year set-off. At the end of the set-off period, in 2007, Gambrell again applied for parole. The USPC denied the application and imposed a four-year set-off. He appealed the USPC's 2007 decision and, after prevailing in court, received a new hearing. At the conclusion of this new hearing, in 2008, the USPC again denied parole and imposed a four-year set-off. Gambrell insists the district court should have compared the 2008 decision to the 2006 decision—and not to the challenged 2007 decision.

However, we agree with the district court's conclusion that the proper comparison is between "the 2007 decision that Gambrell initially challenged in *Sellmon*" and "the 2008 decision that Gambrell now alleges was a more severe punishment." *Gambrell v. Fulwood,* 950 F.Supp.2d 109, 121 (D.D.C.2013). Accordingly, for the reasons stated by the district court, we find Gambrell did not receive a "harsher sentence" following his successful challenge in *Sellmon, id.* at 121–22, and affirm the district court's dismissal of Gambrell's vindictive prosecution and First Amendment claims.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for re-

hearing or petition for rehearing en banc. *See* FED. R.APP. P. 41(B); D.C.CIR. RULE 41.